# Waln's Heirs *versus* City of Philadelphia, to use of Armstrong.

1. In order to show the precise terms of a resolution passed by the board of surveys of the City of Philadelphia, in accordance with the provisions of the Act of April 20th 1869, Pamph. L. 1190, recommending to city councils the passage of an ordinance authorizing the construction of a branch sewer, the original minutes of the meeting of the board at which the subject was referred to a sub-committee, the original report of that sub-committee, and the original draft of the final resolution of the board may, upon being produced and duly authenticated, be offered in evidence.

[Waln *v.* Philadelphia, to use of Armstrong.]

2. A resolution of the city councils of Philadelphia, in order to have the force of law, must be signed by the mayor, published and recorded. A resolution lacking in these requirements is without force or effect.

3. Under the provisions of the Act of April 20th 1869, Pamph. L. 1190, it is not necessary that the report and resolution of the board of surveys recommending the construction of a branch sewer should set out that said sewer is necessary for public health, comfort or convenience. City councils are the sole judges of the propriety of constructing the sewer. Presumptively they act for the public good, and in no case where they have authorized such construction can their judgment in the matter be reviewed.

January 11th 1882.     Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TURNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:* Of January Term 1881, No. 96.

Scire facias sur muncipal claim, by the city of Philadelphia, to the use of William Armstrong, against the heirs of J. S. Waln, deceased. The claim was for work done in constructing a sewer along Twenty-fifth street, between Locust and Manning streets, in front of two lots of ground belonging to defendants, one on each side of said Twenty-fifth street, said sewer having been constructed in pursuance of an ordinance of City Councils approved November 23d 1869. The Act of Assembly relating to the construction of sewers in the city of Philadelphia, approved 8th of April 1864 (P. L. 324), enacted—

"That the city of Philadelphia should have power to construct sewers in the streets of the said city. . . . Provided, however, that for branch sewers the consent or request in writing of the majority of the owners of property fronting on the street or streets intended to be culverted, be first obtained, and filed in the office of the Department of Sewers."

The Act of Assembly, approved 20th of April 1869 (P. L. 1190), enacted—

"That the Select and Common Councils of the city of Philadelphia shall have power and authority to order and direct the construction of branch sewers in said city whenever the same shall be approved by the Board of Surveys, and in the opinion of Councils shall be required for the health, comfort, and convenience of the inhabitants of said city, and that the provisions of the Act entitled 'A Further Supplement to the Act to Incorporate the City of Philadelphia,' approved April 8th 1864, shall not be construed so as to apply to the same."

On the trial, defendants offered in evidence a joint resolution of the Select and Common Councils of the city, passed in December 1869, instructing the Chief Commissioner of Highways not to proceed with the construction of the sewer in question until the owners of property abutting on the street where it

[Waln *v.* Philadelphia, to use of Armstrong.]

was to be laid could be heard in opposition to the same. This resolution was not signed by the mayor nor published nor recorded. Objected to by plaintiff. Objection sustained. Evidence rejected. Exception. (Second assignment of error.)

Defendants then put in evidence the following petition to construct the sewer in question, which had been presented to the board of surveys.

Gentlemen: We, the undersigned, owners of property situate on the line of Twenty-fifth street, between Locust street and Spruce street, hereby request that a sewer or drain may be constructed on the line of said Twenty-fifth street, from street to street, as aforesaid, under the authority and subject to the conditions as specified in ordinances regulating the assessment upon property for the construction of sewers, approved May 12th 1866.

F. Dinan,<br>and five others.

This was to show that the approval of the board of surveys as required by the Act of April 20th 1869 (P. L. 1190), to the construction of the sewer in question had been given to its construction from Locust street to Spruce street, and not from Locust street to Manning street. In order to rebut this, plaintiff called George Sturgess, who testified as follows: "I was the secretary of the board of surveyors in the year 1869; I have the original minutes of the resolution as to the sewer on Twenty-fifth street, as passed by the board: I here produce it; it is in lead pencil; it is the rough minutes of the proceeding of the board; made at the time. From this is made up and copied out the clean minutes, which are written in ink in the regular minute-book."

Plaintiff here put in evidence the rough minutes, as follows:

"Stated meeting of the board, held November 1st 1869.

"Petition for sewer on Twenty-fifth street, between Locust and Spruce streets, referred to

Messrs. Shedaker,  ⎫  Committee who reported resolution
Roberts,           ⎬  recommending a three-foot sewer.
Wolf,              ⎭  Agreed to."

Witness, Sturgess, then continued his evidence, as follows: "I have, and also produce, the original draft of a resolution submitted by a sub-committee of the board of surveyors, to whom the question of the sewer had been referred, and annexed to their report to the board, recommending the construction of the sewer on Twenty-fifth street, from Locust to Manning streets. This was the resolution offered in the board on the day named and passed by the board, and is that to which the lead-pencil minutes refer. I am also the clerk of the survey committee of city councils, and as such clerk drew the ordinance which was re-

[Waln *v.* Philadelphia, to use of Armstrong.]

ported from that committee and passed by councils. I made the draft from the resolution of the sub-committee of the board of surveyors."

Plaintiff then offered in evidence the report of the sub-committee of the board of surveyors and the accompanying resolution, above referred to, as follows:—

"Philadelphia, November 1st 1869.

"To the President and Board of Surveys.

"Gentlemen: Your Committee, to whom was referred the within application for a sewer, report that the details of said sewer, as asked for, will be as follows, viz.: length, 350 feet; shape, circular; size, 3 feet; building front, 600 feet; legal deductions, 81 feet 4 inches; location of inlets, southeast corner of Twenty-fifth and Manning streets; manholes, one.

"This sewer is required for surface and water-closets.

"Your committee offer the following resolution.

"D. H. Shedaker,
John H. Wolf,
Edward A. Roberts,
"*Committee.*

"*Resolved.* That the board of surveyors recommend to councils the construction of a three-feet brick culvert on the line of Twenty-fifth street, from Locust street to south side of Manning street."

Objected to. Objection overruled and evidence admitted. Exception. (First assignment of error.)

Defendants requested the court to charge as follows: "That before the plaintiff can recover he must show that a majority of owners of property fronting on Twenty-fifth street, along the line culverted, consented to the construction of the said sewer, and signified such consent by writing, duly filed in the office of the department of surveys." *Answer.* In answer to the first point, I say that a consent of the majority of property owners is not material. (Third assignment of error.)

The court charged the jury, inter alia, as follows: "The lead-pencil minutes of the meeting of the board of surveys, held November 1st 1869, are explained by the resolution of the sub-committee, offered, and, according to Secretary Sturgess, adopted by the board the same day, November 1st 1869, but not spread out on the minutes, and contain an approval of the sewer from Locust to Manning streets. The question of fact is left to the jury, whether this action was had by the board." (Ninth assignment of error.)

Verdict and judgment for plaintiff. The defendants thereupon took this writ, assigning for error, inter alia, the refusal to admit in evidence the resolution of councils, instructing the city commissioner to suspend work on the sewer in question;

the admission in evidence of the report of the sub-committee of the board of surveyors, with the resolution annexed, the answer to defendant's point above cited, and the portion of the charge above cited.

*John B. Thayer* and *Edward Waln,* for plaintiffs in error. —The Act of 1869 did not totally repeal the Act of 1864. Therefore the consent of a majority of the property owners was necessary. If it did repeal it, then there should have been some evidence of the necessity of the sewer, but there was none. Moreover, if the Act of 1869 repealed the Act of 1864, then the city has no power to tax the owners of the adjoining property for the construction of branch sewers. That power depends entirely upon the Act of 1864.

The minutes of the committee of the board of surveys, being the record of the *final* action of the board, ought not to be overthrown by evidence of the *preliminary* action of the sub-committee. The best evidence of the official acts of the board is the entry regularly made upon their minutes : Wachot *v.* School District of Bingham, 8 Phila. 568.

The resolution of councils ordering the suspension of work on the sewers, operated as a temporary repeal of the prior ordinance. The approval thereof by the mayor was unnecessary.

*Henry C. Terry,* for defendant in error.—The power of the city to construct sewers or culverts, and charge the abutting properties with the costs thereof, is sustained by the many Acts of Assembly, from February 18th 1769, § 2 (1 Sm. L. 286), to April 20th 1869, § 1 (P. L. 1190) : Stroud *v.* City, 11 P. F. S. 255 ; City *v.* McNeely, 7 W. N. C. 573.

Councils are the sole judges of the necessity for sewers, and their judgment is conclusive on that point : City *v.* Sellers, 6 Phila. 253 ; Lipps *v.* City, 2 Wright 503 ; City *v.* Tryon, 11 Casey 401 ; Stroud *v.* City, supra.

Parol evidence was properly admitted to ascertain the truth as to what action was had by the board of surveys : Commonwealth *v.* Woods, 8 Wright 113 ; Carr *v.* Northern Liberties, 11 Casey 324.

As to the second assignment of error, there was no evidence of the passage of the resolution of councils instructing the commissioner not to proceed. The ordinances and joint resolutions as printed and published were not offered : Act of March 21st 1866, § 1, P. L. 262 ; Sower *v.* City, 11 Casey 231.

Mr. Justice GORDON delivered the opinion of the court, February 20th 1882.

The defendants are owners of the property on both sides of 25th street, and between Locust and Manning streets.

[Waln *v.* Philadelphia, to use of Armstrong.]

On the 23d of November 1869, the city councils, by ordinance authorized the construction of a three-feet sewer from Locust street to the south side of Manning street. This work was executed in accordance with the directions of said ordinance, by William Armstrong, the use plaintiff, as contractor. No fault seems to have been found with the character of the work, nor is the general power of the city to charge the cost of such work upon the adjacent property, under the provisions of the Act of March 27th 1865, called in question.

Nevertheless, several exceptions are taken by the defendants to the ruling of the learned judge of the court below, of which, so far as they have been assigned according to rule, we must take notice. These exceptions relate, 1. To the admission of a certain item of evidence and the rejection of another. 2. To the power of the city councils to order the construction of this sewer. To particularize : the complaint is, first : " That the learned judge below erred in admitting in evidence the report of the sub-committee of the board of surveyors of November 23d 1869, with the resolution annexed. That the learned judge below erred in refusing to admit in evidence the resolution of the city councils, instructing the chief commissioner of highways not to proceed with the sewer in question until the property owners along the line could be heard in opposition to the same." We may premise the examination of the points thus set forth, by the statement that the main question in this case is one involving the power of the city councils to order the construction of the sewer for which the assessment in controversy was made. If they had such power, everything else appearing to be regular, the judgment of the court below was well rendered, and the defendants' complaint is without merit and must be dismissed. As we said in the case of McKnight *v.* City of Pittsburgh, 10 Nor. 273, " It is indeed but a question of power; that being determined, all is determined." Now, as under the Act of 1869, before the councils, by ordinance, could order the construction of the branch sewer in question, the approval of the board of surveys was necessary, it becomes important to inquire whether such approval is found in this case. The defendants contend that not only does no such approval appear, but that any prima facie presumption that might otherwise arise in favor of the validity of the ordinance, is rebutted by the fact that the contrary is made apparent by the records of the board of surveys. That in fact the recommendation of the board was for the building of a sewer from Locust to Spruce street, and not, as in the ordinance, from Locust to Manning street.

In order to determine the rectitude of this contention, we must necessarily have recourse to the testimony which has been laid before us.

First, then, we have the petition for a sewer on the line of Twenty-fifth street, between Locust and Spruce streets.   Second, the report of the committee to whom this petition was referred by the board of surveys, which reads as follows:

"Philadelphia, November 1st 1869.   To the President and Board of Surveys.  Gentlemen :—Your committee, to whom was referred the within application for a sewer, report that the details of said sewer, as asked for, will be as follows, viz : the length, 350 feet ; shape, circular ; size, 3 feet ; building front, 600 feet ; legal deductions, 81 feet 4 inches ; location of inlets, south-east corner of Twenty-fifth and Manning streets; manholes, one.   This sewer is required for surface and water-closets.   Your committee offer the following resolution.   Signed, D. H. Shedaker, John H. Wolf, Edward A. Roberts, Committee.   Resolved, that the board of surveyors recommend to the councils the construction of a three-feet brick culvert on the line of Twenty-fifth street, from Locust street to the south side of Manning street."

About the regularity of this part of the evidence there is little or no doubt, but the pinch of the case, as the defendants think, is found in the evidence proving the adoption of this resolution by the board of surveyors ; and that evidence is as follows: George Sturgess, being affirmed, said : I was the secretary of the board of surveyors in the year 1869 ; I have the original minutes of the resolution as to the sewer on Twenty-fifth street, as passed by the board ; I here produce it ; it is in lead-pencil ; it is the rough minutes of the proceeding of the board, made at that time.   From this is made up and copied out the clean minutes, which are written in ink in the regular minute-book.

The plaintiff then offered in evidence the rough minute as follows: " Stated meeting of the board November 1st 1869. Petition for sewer on Twenty-fifth street, between Locust and Spruce streets.   Referred to Messrs. Shedaker, Roberts, Wolf, committee, who reported resolution recommending a three-foot sewer.   Agreed to."

The witness then continues : " I have and also produce, the original draft of a resolution, submitted by a sub-committee of the board of surveyors, to whom the question of the sewer had been referred, and annexed to their report to the board, recommending the construction of the sewer on Twenth-fifth street, from Locust to Manning streets.   This was the resolution offered in the board on the day named, and passed by the board, and is that to which the lead-pencil minutes refer.   I am also clerk of the survey committee of city councils, and as such clerk drew the ordinance which was reported from that committee and passed by councils.   I made the draft from the resolution of the sub-

[Waln v. Philadelphia, to use of Armstrong.]

committee of the board of surveyors." This is the evidence to which exception has been taken, but to us there appears nothing in it exceptionable. Surely the report of the sub-committee, with its resolution appended, was part of the official records, and the accompanying minutes identify that report by the names of the persons who made it. If this be so, then we have all that is necessary to support the ordinance directing the construction of the sewer from Locust to the south side of Manning street. At the very most, however, nothing but obscurity can be charged against these minutes; a doubt as to what was the character of the report to which they refer. But, surely, it was altogether proper to remove that obscurity and resolve that doubt by a witness who could produce and identify the original report. Certain it is, that the papers of a county commissioner's or treasurer's office, or even those constituting the records of a court, may be thus produced and identified, and there is no imaginable reason why those belonging to the board of surveys should not be subject to the same rule.

Thus fall the defendants' first and ninth assignments, and as these are the ones principally relied upon by the plaintiffs in error, those that remain require but little comment. The second assignment charges the court below with error in refusing to admit in evidence the resolution of the city councils instructing the chief commissioner of highways not to proceed with the construction of the work until the property owners could be heard in opposition to the same. But according to the case of Sower *v.* The City, 11 Ca. 231, a resolution of councils is but another name for an ordinance, which, in order to have the force of law, must be signed by the mayor, published and recorded. As, however, the paper offered in evidence was wanting in all these requirements, it was properly rejected.

Finally, the complaint, that neither by the petition, nor by the report and resolution of the board of surveys, did it appear that the sewer was necessary for the public health, comfort or convenience, comes to nothing. This provision of the act addresses itself to the judgment of the councils exclusively. Presumptively they acted for the public good, but if they did not, we cannot go back of their action and sit in judgment upon their motives, or search out the causes that moved them.

The judgment is affirmed.