## Carpenter *v.* Yeadon Borough, Appellant.

*Municipalities—Power to contract—Manner of contracting.*

The authority of a municipal body to legislate or to contract is conferred by the lawmaking power of the state; hence it must be exercised in the manner provided in the statute conferring it.

*Boroughs—Ordinance—Publication—Act of April 3, 1851, sec. 3, P. L. 320.*

The provision in the third section of the Act of April 3, 1851, P. L. 320, relating to the publication of borough ordinances is mandatory, and until the provision of the statute has been complied with an ordinance is not effective, and is as wholly inoperative as if the municipal legislative body had not acted in the matter.   Publication is a duty imposed upon the corporate officers, and until it is performed no rights are granted, and the observance of no duties is enjoined by the ordinance, which can be enforced by or against the municipality.

If the ordinance incorporates a contract with an individual, the contract is not complete and binding upon either the borough or the individual until after publication.   As the contract is incomplete the courts have no power, by mandamus, to compel the borough to make publication of the ordinance so as to complete the contract.

The court will enforce by mandamus the performance of a mandatory ministerial duty, but it has no authority to compel a municipal corporation to execute an agreement which is a discretionary act, or to take any steps towards the consummation of such an agreement.

*Practice, C. P.—Trial by court without a jury—Act of April 22, 1874, P. L. 109—Findings of fact—Conclusions of law.*

Where a case is tried by the court without a jury under the provisions of

the Act of April 22, 1874, P. L. 109, it is the duty of the court to make separate and distinct findings of fact and conclusions of law. If the court fails to do this and the failure is assigned as error, the judgment will be reversed.

A mere "verdict" in favor of one or the other party is not a conclusion of law within the meaning of the act. A verdict is a conclusion on the facts as well as the law.

Argued Feb. 9, 1904. Appeal, No. 168, Jan. T., 1903, by defendant, from order of C. P. Delaware Co., Dec. T., 1900, No. 6, dismissing exceptions to adjudication in case of Joseph L. Carpenter, Jr., v. Yeadon Borough et al. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Reversed.

Mandamus to compel publication of an ordinance.

Exceptions to adjudication.

The case was tried by the court without a jury under the provisions of the act of April 22, 1874.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication and in entering judgment for plaintiff.

*O. B. Dickinson*, with him *Isaac E. Johnson*, for appellant.— The act does not take from the borough officials, acting for the borough, the right to say whether they will "prescribe" the enactments of the council, but only designates the manner in which they are to "prescribe" those which they want to take effect. So far as the public is concerned, an enactment by a borough council, not published, is akin to a thought of the mind, never expressed. Until expressed, one's thoughts are nobody's concern, and the same is true of an enactment of a council never advertised. Until published and crystalized into something recognized by the law, there is nothing tangible for the law to take hold of and of a very necessity the matter must be left to the discretion of the borough authorities.

The issuing of a mandamus is in the sound discretion of the court and should not compel a ministerial officer to perform an act of his office, which when done, would only give completeness in form to what in the end would be illegal and of no

force : Edison Elec. Illuminating Co. v. Jacobs, Controller, 8 Kulp, 125 ; Com. v. Bullock, 2 Mont. Co. Law Rep. 5.

*A. Lewis Smith,* with him *A. J. Wilkinson,* for appellee.— As between the borough and Mr. Carpenter the ordinance was a completed contract requiring him to do certain important and far-reaching things, which he did, and providing in effect that when he paid the cost of the ministerial act of advertising the ordinance, it should be advertised.

The act provides that it shall be the duty of the " corporate officers " to advertise ordinances, and the provision that they shall advertise at least ten days before the ordinance shall take effect, plainly means that they shall not pass an ordinance to take effect immediately on its passage and without notice to the citizens of its enactment. It would be a strained construction to hold, as contended by the appellant, that the borough council may retain control of an ordinance and indefinitely suspend its operation after it has passed through all the legislative forms prescribed by the law and by the by-laws of the council itself and has thus become a completed structure, and the court below was clearly right when holding that the duty of publication was merely ministerial.

OPINION BY MR. JUSTICE MESTREZAT, March 14, 1904 :

This was an application in the court below by Joseph L. Carpenter, Jr., the appellee, for a mandamus commanding the borough of Yeadon, the chief burgess and the council of the borough " to forthwith cause the ordinance of said borough entitled, ' An ordinance granting permission under certain conditions for the use for cemetery purposes of the tract of ground owned by the North Mount Moriah Cemetery Company and providing for the opening of a certain street through the same and the vacation of a portion of another street therein ; ' passed the sixteenth day of October, A. D. 1899, and known as Ordinance No. 50, to be published according to law so as to render the same operative or show cause why the same should not be done, or that a rule be granted on said respondents to show why a mandamus should not be issued for the purpose aforesaid." The ordinance referred to was passed by council, vetoed by the burgess, and then passed over the veto. It

granted to Carpenter the right to use his land in the borough for cemetery purposes on condition that a permit be obtained for the interment of each body and that he pay $6,000 to the borough. The ordinance also provided that a street should be laid out and opened for public use through the land and that a portion of an avenue near the land should be vacated; that the ordinance should not become operative unless Carpenter should within ten days after its passage execute and deliver to the borough an agreement to comply with the terms of the ordinance and should give security for the payment of the $6,000. It was further provided that the ordinance should not be published until the execution and delivery of the agreement and the costs of publication had been paid to the borough; and that it should not affect or impair the provisions of another ordinance so far as that ordinance affected other parts of the borough. The agreement was delivered and the costs of publication of the ordinance were paid to the borough. Carpenter tendered security for the payment of the $6,000 which was declined. On September 10, 1900, after this proceeding was begun, the council by resolution, not approved by the burgess, " resolved that the borough of Yeadon doth hereby rescind, revoke, annul and repeal the legislative ordinance, contract or action of the borough council of the borough of Yeadon as embodied in the alleged Ordinance No. 50 of said borough, said to have been passed October 16, 1899."

The court overruled a motion to quash the writ and directed the defendants to file a return which they did. The case was tried by the court without a jury under the act of April 22, 1874. The court found a " verdict in favor of the plaintiff against the corporate authorities of the borough of Yeadon requiring them to advertise and publish Ordinance No. 50 in accordance with the provisions of the third section of the act of assembly of April 3, 1851." Subsequently the exceptions filed by the defendants were dismissed and judgment was entered on the finding of the court. The defendants have appealed.

The authority of a municipal body to legislate or to contract is conferred by the lawmaking power of the state, hence it must be exercised in the manner provided in the statute con-

ferring it. A municipal corporation is simply the agent or instrumentality of the state to administer local government and to exercise certain powers and to perform certain duties within defined territorial limits in conformity with the method and to the extent delegated in the legislation creating and applicable to the corporation. Its contractual powers are derived from the same source and are circumscribed by the same limitations. As said by the learned author of Dillion on Municipal Corporations (4th ed.), sec. 21, such corporations possess no powers or faculties not conferred upon them, either expressly or by fair implication, by the law which creates them or by other statutes applicable to them.

We think the learned trial judge was in error in entering judgment against the defendants. The 3d section of the Act of April 3, 1851, P. L. 320, Purd. Dig. vol. 1, p. 246, provides that "it shall be the duty of the corporate officers, a majority of whom shall be a quorum : . . . .· IV. To publish in at least one newspaper, if such be printed in the proper county, and by not less than twelve advertisements, to be put up in the most public places in the borough, every enactment, regulation, ordinance or other general law, at least ten days before the same shall take effect." This is mandatory and until the provision of the statute has been complied with, an ordinance is not effective and is as wholly inoperative as if the municipal legislative body had not acted in the matter: 1 Dillon on Munic. Corp. sec. 331; Marshall v. Commonwealth, 59 Pa. 455; Waln v. Philadelphia, 99 Pa. 330; Clark v. City of Janesville, 10 Wis. 119. Publication is a duty imposed upon the corporate officers, and until it is performed no rights are granted, and the observance of no duties is enjoined, by the ordinance which can be enforced by or against the municipality. Before the statute has been complied with in this respect, the ordinance remains in the hands of the officers of the corporation awaiting the performance of an act by them essential to give it validity as a law of the borough.

Conceding that the purpose and intention of the council was by this enactment, to contract with the plaintiff on the terms therein set forth, yet if publication was necessary to make it operative, as is recognized by the plaintiff in instituting this proceeding, it is apparent that the contract was not consum-

mated and is not yet obligatory on the borough. A statutory prerequisite to its completion and validity is concededly wanting, and the power of the court is invoked to compel one of the parties, the borough, to consummate the agreement. In other words, we are asked to compel the corporate officers of the borough to complete negotiations pending between the parties so that the negotiations will become effective as a contract and obligatory upon the borough. This, in effect, is the prayer of the petition for the mandamus. If, therefore, we award the writ commanding the borough to cause the ordinance " to be published according to law so as to render the same operative," as prayed for in this application, the court will compel the execution of an agreement which is simply discretionary with the corporation. This we cannot do. The court will enforce by mandamus the performance of a mandatory ministerial duty, but it has no authority to compel a municipal corporation to execute an agreement which is a discretionary act, or to take any steps towards the consummation of such an agreement.

It is contended by the appellee that publishing the ordinance is a private contractual duty which he has a right to enforce by mandamus, and that as between him and the borough, " it (ordinance) was a completed contract requiring him to do certain important and far-reaching things which he did, and providing in effect that when he paid the cost of the ministerial act of advertising the ordinance, it should be advertised." As we have endeavored to point out above, there is no contract between Mr. Carpenter and the borough until the corporation has consummated, in the manner required by the statute, the negotiations pending between the parties. The appellee, as is apparent from his argument, is misled by assuming the existence of a contract and that he is invoking the aid of the court to compel the performance of the contract by the borough. If this were true, another and altogether different question from the one presented for consideration here would arise. His petition, however, does not aver the existence of a valid contract and ask the aid of the court to enforce it against the borough, but, on the contrary, concedes the noncompletion of the agreement and prays the court to compel the corporate officers to complete it by requiring them to publish the ordinance " according to law so as to render the same operative." Our

authority, is therefore invoked to compel the borough to consummate an imperfect agreement, and not to comply with the terms of a duly executed and completed obligation. This would not be enforcing the performance of a ministerial duty by the municipal officers, but would be a command to them in their official capacity to do an act making obligatory an imperfect agreement.

We need not consider nor determine whether or not the ordinance is within the class required by the statute to be published. The appellee manifestly so regards it or he would not have instituted this proceeding. If it is not within this class, however, the refusal of the mandamus can do him no harm as the ordinance would be effective without publication, and any rights accruing to him under it can be enforced in a proper proceeding.

This case was tried by the court without a jury under the act of 1874. It was the duty of the learned trial judge to find the facts with at least as much fullness and certainty as is required in a special verdict, and to state clearly and distinctly his conclusions of law. In the decision filed by the learned judge, he seems to have given little attention to the requirements of the act as shown by the act itself and the numerous decisions construing it. This would have been fatal if the appellants had assigned it for error. As said by the late Chief Justice GREEN in Lewars v. Weaver, 121 Pa. 268, we have held in all the cases that the decision must contain a distinct and separate finding of facts, and also the conclusions of law. The act itself says : " The decision of the court shall be in writing, stating separately and distinctly the facts found, the answer to any points submitted in writing by counsel and the conclusions of law." In the decision filed by the trial judge, which is called an " opinion," he does not state " distinctly the facts found," but in his findings of facts he copies in full the ordinances and agreement, including the signatures and acknowledgments, and also the minutes of the borough council. The result is that the decision is incumbered with wholly unnecessary matter tending to confusion instead of distinctness. If the facts found by the trial judge had been " separately and distinctly " stated, excluding irrelevant and immaterial matter, his decision would not have exceeded one third its present

length, and doubtless the necessity for finding other facts material to the determination of the issue would have occurred to him.

The decision contains no statement of the " conclusions of law " if we except what is denominated in it as the " verdict," which is a conclusion on the facts as well as the law. There were many legal questions raised on the trial of the cause, and it was the duty of the court to state separately in writing " his conclusions of law " thereon. This is the plain requirement of the statute, and is so held to be in all our cases. Either party may file exceptions " to the findings of facts or conclusions of law," but not to a " verdict " and the court is then required to pass on such exceptions as may be filed and to direct judgment to be entered on his decision. That this may be done and the cause may be determined on its merits, the facts and the law should be clearly and distinctly stated in the decision.

The judgment is reversed and the writ of alternative mandamus is dismissed at the cost of the appellee.