## Hallett, Appellant, v. Bellevue Borough.

*Municipalities—Boroughs—Contracts—Execution of contract—Resolution—Advertisement—Approval by burgess—Act of April 3, 1851, P. L. 320, Sec. 3—Act of May 23, 1893, P. L. 113, Sec. 3—Equity—Specific performance.*

Equity will not decree specific performance of an alleged contract between a borough and plaintiff for the grading by the borough of certain streets abutting on plaintiff's land where, though the plaintiff had executed the contract and performed all that was therein required of him, it appeared that the agreement was not signed by the burgess as directed by the resolution authorizing it and where it further appeared that such resolution was void be-

cause not approved by the burgess, in accordance with the provision of Section 3 of the Act of May 23, 1893, P. L. 113, or advertised as required by Section 3 of the Act of April 3, 1851, P. L. 320.

Argued Oct. 12, 1914. Appeal, No. 275, Oct. T., 1913, by plaintiff, from decree of C. P. Allegheny Co., Nov. T., 1911, No. 407, dismissing bill in equity for specific performance in case of Ebenezer Hallett v. Borough of Bellevue. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for specific performance. Before BROWN, J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the decree of the court.

*George H. Quaill,* for appellant.—The borough is estopped to deny the contract although it was informally executed: Philadelphia v. P. & R. R. R. Co., 88 Pa. 314; McKnight v. Pittsburgh, 91 Pa. 273; Philadelphia v. Hays, 93 Pa. 72; Brientnall v. Philadelphia, 103 Pa. 156; Silsby Manfg. Co. v. Allentown, 153 Pa. 319; McCormick's Appeal, 165 Pa. 386; Amberson Avenue, 179 Pa. 634; Philadelphia v. Gorgas, 180 Pa. 296; Aspinwall-Delafield Co. v. Aspinwall Boro., 229 Pa. 1; Tarentum v. Moorehead, 26 Pa. Superior Ct. 273; Hamilton Avenue, 48 Pa. Superior Ct. 156; Indianapolis v. Gas Co., 66 Ind. 396.

*W. S. Dalzell,* with him *David L. Starr,* for appellee.— The resolution was void because the requirements of the Act of April 3, 1851, P. L. 320, Sec. 3, were not met: Jones v. Schuylkill Light, Heat & Power Company, 202

Pa. 164; Elliott v. Monongahela City, 229 Pa. 618; Carpenter v. Yeadon Borough, 208 Pa. 396; Jaxtheimer v. Sharpsville Borough, 238 Pa. 42.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:

The bill filed in this case was to compel specific performance of a contract. The plaintiff in 1906, being the owner of a piece of ground containing several or more acres in the Borough of Bellevue, laid the same out in building lots according to a plan or plot which was duly recorded. The ground lay within the lines of certain established but unimproved streets of the borough, four in all, the plaintiff's line extending to the center line of the several streets. The lots were laid out with reference to these streets, and in the work plaintiff had the assistance of the borough engineer, with the consent of the borough authorities. Upon its completion, and the dedication by the plaintiff of the streets marked thereon, with their respective grades, the borough authorities formally adopted the plan, and on 11th Sept., 1906, passed a resolution authorizing and directing the burgess and clerk of the council to enter into and execute a written contract which had been prepared and submitted and which accompanied the resolution. The contract as written provided for a change of grade in the streets to conform with the grades in the plan adopted, on certain conditions which the plaintiff fully met. None of these proceedings were ever published. The contract accompanying the resolution was signed by the plaintiff, but was never executed by the burgess. Nevertheless the borough entered upon the work and proceeded with the grading of all the streets except Ridge avenue, upon which plaintiff's ground had a frontage of something over five hundred feet. Into this street opened Roosevelt street, also one of the boundaries of plaintiff's land, at right angles, but at the point of intersection the elevation of Ridge avenue is so great above Roosevelt street, that there can be no interchange between them as con-

ditions now exist.   The borough declining to proceed further, the plaintiff filed the present bill.   An answer was filed, and the case so proceeded with that upon the facts as found by the chancellor the bill was dismissed. This appeal followed.   There are several assignments of error; together they raise but a single question that calls for consideration.   The learned chancellor in dismissing the bill held that the contract on which plaintiff relied was invalid, for the reason that neither the ordinance approving and adopting the plan or plot made and submitted by the plaintiff with the grades of streets marked thereon, nor the resolution which followed authorizing and directing the burgess and clerk to execute a contract with the plaintiff according to the terms expressed in the resolution, had ever been published; that the publication was an element essential to their validity inasmuch as they were legislative in their character, relating to the grading of the public streets.   If, as the learned chancellor held, the provisions in the several acts of assembly relating to the publication of borough ordinances and resolutions, and to which more specific reference will be made later, are mandatory, then of course, since there was no pretense of publication, there could be no valid and enforceable contract between the parties.   It is the contention of appellant that publication of the ordinance and resolution was not a condition precedent to their validity; that it was a mere matter of regulation, the nonobservance of which left any contract entered into pursuant to such ordinance or resolution open to ratification, provided the subject dealt with was within the scope of municipal power. The argument on behalf of appellant proceeds on this theory, and the whole effort is to show that by its acquiescence, its cooperation with plaintiff in carrying out of the ordinance and resolution, the acceptance of the bond which plaintiff was required to give, the borough so far ratified the alleged contract that it is now estopped from setting up its present defense.   Thus stated appellant's

contention opens up a field for discussion far too wide for the necessities of this case. It might be otherwise if this were an action at law for the recovery of damages, but we are dealing with a proceeding in equity which asks for the specific performance of an alleged contract. The first essential in a proceeding of this character is that an express contract be shown, one which expresses the terms agreed upon between parties capable of contracting. No written executed contract is here produced. The paper approved by the council as correctly expressing the terms of a contemplated contract was executed by the plaintiff only, the agent chosen by the other party to execute it on its behalf did not sign it. That party, the burgess, was something more than a mere agent; he was part of the law making power of the borough, and failed not only to sign the written contract, but failed to give his approval to the resolution authorizing it. The resolution could not have been understood by the parties to be the contract in itself, for it expressly provided that a written contract should be executed to carry out its terms and purpose. The most that can be said for the contract is that, if it existed at all, it rested in parol. We mention this not as a circumstance that would in itself defeat specific performance, but rather as showing that no completed contract within the understanding of the parties was entered into. Whether an implied contract can be derived from the transaction is another question, one aside from our present inquiry. But, admitting an express contract, another essential is required for a decree of specific performance; the contract set up must not be transgressive of law or public policy, otherwise equity will not lend its aid. This brings us to a consideration of the effect of the failure on the part of the council to publish the resolution and the ordinance by virtue of which the alleged contract was entered into, and the failure of the burgess to indicate his approval of them by signing. Sec. 3 of the Act of April 3, 1851, P. L. 320, makes it the duty of the municipal officers,

"IV. To publish in at least one newspaper......and by not less than twelve advertisements to be put up in the most public places in the borough, every enactment, regulation, ordinance and other general law, at least ten days before the same shall take effect." VIII. "To give at least ten days' notice by not less than ten hand bills posted on the line of the proposed improvement of any proposition to fix or change the grade or the laying out, widening, straightening, extending or vacating of any streets, roads, lanes or alleys, and in such notice to designate a time and place when objections thereto shall be heard."

Sec. 3 of the Act of May 23, 1893, P. L. 113, directs, "Every ordinance and resolution which shall be passed by......council shall be presented to the chief burgess ......and if he approve, he shall sign it."

"That before any ordinance shall come into effect ......the same shall be recorded in the borough ordinance book, with the certificate of the secretary, and be advertised as heretofore required by law."

However these several provisions may be regarded, whether as mandatory or directory, one thing is certain, they are declarative of a sound and wise public policy that has for more than sixty years imposed conditions and restraints upon municipalities which experience had shown to be necessary to protect the public against arbitrary, ill-considered and wasteful management. The history of the workings of municipal bodies, says Mr. Dillon in his work on Municipal Corporations, Sec. 529, has demonstrated the salutary nature of such restraints, and that it is the part of true wisdom to keep corporate wings clipped down to the lawful standard. So whether mandatory or directory, these provisions indicate so clearly an apparent public policy that when disregarded, as they have been here, a court of equity would be fully justified in withholding its assistance. But, that they are mandatory is not open longer to dispute. It is only necessary to refer to the case of Carpenter v. Yeadon

Boro., 208 Pa. 396. The reference there is to so much of the Act of 1851 as appears above and speaking by MESTREZAT, J., this court there said, "This is mandatory, and until the provision of the statute has been complied with, an ordinance is not effective, and is as wholly inoperative as if the municipal legislative body had not acted in the matter......Publication is a duty imposed upon the corporate officers, and until it is performed no rights are granted, and the observance of no duty is enjoined by the ordinance which can be enforced by or against the municipality. Before the statute has been complied with in this respect, the ordinance remains in the hands of the officers of the corporation awaiting the performance of an act by them essential to give it validity as a law of the borough." This feature of the case calls for no further discussion. Admitting the contract, we have then, putting it in its mildest shape, an unauthorized exercise of power by the municipal authorities in entering into it. The law with respect to such a transaction is not open to dispute. "A corporation cannot be compelled, by a decree of specific performance, to carry out a contract, the performance of which would involve an unauthorized exercise of corporate power." MORAWETZ on Private Corporations, Sec. 602. We repeat, we are here dealing with an equity proceeding. What the rights of appellant may be at common law does not concern us; all that we decide is that the plaintiff is not entitled to a decree of specific performance of the contract he sets up, for the reasons we have stated.

The assignments of error are overruled and the decree is affirmed.