Fierst (et al., Appellants), *v.* William Penn
Memorial Corporation et al.

Argued March 23, 1933.   Before FRAZER, C. J., SIMP-
SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*G. Malcolm McDonald,* for appellant.

*Maurice L. Avner,* with him *Edw. S. Sheinberg,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 1, 1933:

This bill in equity was filed by plaintiffs seeking an injunction to restrain defendants from using their land for cemetery purposes. Whether it can be so used turns upon the validity of a zoning ordinance of the Township of Wilkins, one of the complainants.

The chancellor held the ordinance invalid because its publication did not include the zoning map mentioned in the ordinance or refer to where it could be found or seen, and dismissed the bill. The township appeals.

The Act of June 24, 1931, P. L. 1206, 1250 (53 P. S., sections 19092-1502), provides, in article XV, section 1502, that the corporate power of a township of the first class shall be vested in the board of township commissioners, which shall have power "To adopt resolutions and ordinances prescribing the manner in which powers of the township shall be carried out, and generally regulating the affairs of the township. All such ordinances, unless otherwise provided by law, shall be published at least once in one newspaper of general circulation in the township. Such ordinance shall not become effective until ten days after the publication aforesaid. In any case in which maps, plans or drawings of any kind are adopted as part of an ordinance, the commissioners may, instead of publishing the same as part of the ordinance, refer, in publishing the ordinance, to the place where such maps, plans or drawings are on file and may be examined."

It is contended by appellant township that, while it did not publish a copy of the zoning plan, or state with particularity, in the publication of the ordinance, where the zoning plan was on file and could be examined, there was substantial compliance because, in a section of the ordinance as published, it was stated "the location and boundaries are hereby established as shown on the zone map which accompanies this ordinance, and which is hereby declared to be a part hereof." It is difficult to see how this meets the requirement that in the publication of the ordinance reference shall be made to the place where the map is on file and can be examined. The mere statement that the zone map accompanied the ordinance did not indicate where it was on file or could be examined.

It is also said that because the name of the township secretary was in the ordinance and he was designated in the township code as the official keeper of the township records the publication sufficiently indicated that the map was in his possession. This by no means follows. Not by inference, but by direct statement, those interested were entitled to know where they could examine the map.

It is also argued that the requirement of the act as to the publication of ordinances generally does not apply to zoning ordinances. We are unable to adopt this conclusion. All ordinances are required to be published in the manner specified "unless otherwise provided by law" and there is no exception as to zoning ordinances in the statute. The fact that there is a method of procedure provided in sections 3104 and 3106 of the Act of 1931 for the adoption of zoning ordinances does not mean that compliance with the general requirements of publication is dispensed with, as appellants argue.

Nor do we think it matters that appellees had knowledge of the provisions of the zoning ordinance before establishing the cemetery. We are not dealing with a valid ordinance, but with an invalid one. Knowledge of

the existence of an invalid ordinance cannot cure the defect. Failure to follow the express provisions of the law as to publication made the ordinance of no effect. There are numerous cases which hold that the publication of municipal ordinances is mandatory and until complied with as the law directs, such ordinances are ineffective: Allegheny City's Petition, 8 Pa. Superior Ct. 104; Marshall v. Com., 59 Pa. 455; Carpenter v. Yeadon Boro., 208 Pa. 396; Com. v. Kelly, 250 Pa. 18. Until there was a valid ordinance forbidding it, defendants could use their land for cemetery purposes. That they knew such a measure was pending can make no difference so far as their rights are concerned unless it ripened into a lawful enactment.

When the provisions of the zoning ordinance are brought into view, the reason for reference in the publication to the place where the map is on file and may be examined becomes apparent. Without the map the ordinance is unintelligible, as these extracts from it will show: "The location and boundaries of the said Use Districts are hereby established as shown on the zone map which accompanies this ordinance, and is hereby declared to be a part hereof as fully and effectually as if the metes and bounds of said districts were particularly set forth herein. ...... The location and boundaries of the said area districts are hereby established...... where there are no recorded plots or plans,......as shown on the zone map. ...... Where any uncertainty may exist with respect to the boundaries of the various use or area districts, as shown on the zone map" certain rules shall apply.

The decree of the chancellor dismissing the bill was proper and it is affirmed at appellant's cost.