## Lansdale Borough v. Silverman

*G. Herbert Jenkins*, for plaintiff; *Samuel D. Conver*, for defendant.

KNIGHT, P. J., February 9, 1934.—By virtue of section 2111 of The General Borough Act of May 4, 1927, P. L. 519, the town council of the Borough of Lansdale passed an ordinance to extend necessary sewer mains and outlets beyond the limits of the borough, and to condemn property of Jacob Silverman, to the extent of 917/1000 of an acre, for the purpose. The borough authorities could not agree with Mr. Silverman on the amount of damages, so a bond was filed and a jury of view appointed.

On December 15th of last year, Silverman and Montgomery Trust Company, which holds the first mortgage on his property, presented this petition, on which a rule was allowed, to show cause why the proceedings should not be set aside. An answer was filed by the borough, and the matter was argued before us on petition and answer. The reasons advanced for setting aside the proceedings were:

First. That section 2111 of The General Borough Act does not authorize the borough to appropriate property for the purpose that the Silverman land is intended to be used.

Second. No notice of the proposed ordinance was given to Silverman, in accordance with section 2112 of The General Borough Act.

To understand the first reason, some explanation is necessary.

The sewage disposal plant of the Borough of Lansdale is situate on land belonging to the municipality, within the borough limits and adjoining the property of Silverman, which latter is located in Hatfield Township. Recently the borough has constructed additional sewer mains, which increase the amount of sewage disposed of by the plant. After the sewage is treated in the plant the clear water flows through an outlet, into the Neshaminy Creek. There is not fall enough on the borough property properly to take care of the increased amount of water, and the municipality deemed it necessary to appropriate a piece of Silverman's land, so that a sufficient outlet might be provided. It was also deemed necessary to take some additional land, so that the channel of Neshaminy Creek might be straightened, cleared out, and widened, to the end that the outlet could function in a proper manner.

It is now contended that section 2111 of The General Borough Act does not empower a borough to appropriate land for the construction of an outlet, but that it is limited in its power to condemn to sewer mains and the disposal plant, and in no event has the municipality the right to take land for the purpose of widening and straightening the channel of Neshaminy Creek.

Section 2111 of The General Borough Act reads as follows: "The borough may extend the necessary sewer mains and outlets beyond the limits of such borough, to a point where such sewage is to be disposed; and shall have power to enter upon and condemn such lands, property, and materials for the construction of all such sewer mains, outlets, and works as may be necessary for the disposal of such sewage." Counsel points to the words "to a point where such sewage is to be disposed" as supporting his contention.

We do not agree with him. Sewage cannot be disposed of unless there is an outlet for the effluence. The outlet is a necessary adjunct to the sewage plant—in truth, a part of the place where the sewage is to be disposed. The very words of the act give a borough power to take land beyond its limits for the purpose of extending the necessary mains and *outlets*. The construction which the petitioner wishes us to put upon the section would render the word "outlets" meaningless.

We are also of the opinion that the borough could take a reasonable amount of land, to make necessary and proper corrections in the channel of Neshaminy Creek. This was in fact a part of the outlet. So long as the borough council took only such land as was reasonably necessary for the purpose, it did not abuse its discretion and was acting within the authority granted by the act. We have examined the plan of the land proposed to be appropriated, and are convinced that it is not an unreasonable taking. About one acre of a 26-acre farm is condemned, and this acre is described as a meadow by one side and as a swamp by the other. Whether a meadow or a swamp, we do not consider the taking unreasonable, when the borough council in its discretion has deemed the land necessary for the proper operation of its sewage disposal plant.

The second contention of the petitioners has merit. Section 2112 of The General Borough Act provides:

"No ordinance for any such construction beyond the limits of the borough, or any works connected therewith, shall be adopted until notice thereof has been given, by publication of the proposed ordinance, for at least four weeks in one newspaper published in the borough or county, and also by serving copies of such proposed ordinance upon all land owners through whose land such sewer is to pass, at least ten days before final action thereon."

The borough concedes that no notice as required by this section was given to Silverman. The provisions of section 2112 are mandatory. The legislature has given the borough the power to appropriate land without its limit for a certain purpose, and it follows that the means of carrying out this authority must comply strictly with the statute. Notice and publication are conditions precedent to the validity of the ordinance: Olds v. Erie City, 79 Pa. 380; Waln's Heirs v. City of Philadelphia, to use, 99 Pa. 330; Carpenter v. Yeadon Borough, 208 Pa. 396; Commonwealth, ex rel., v. Kelly, 250 Pa. 18.

It is no answer to say that this is a mere technical objection, interposed for the purpose of embarrassing the borough or forcing it to a more favorable settlement of the petitioners' claim. The notice required by the act is for the benefit of the landowner, given in order that he may appear before council or lobby against the ordinance. This opportunity has been denied the petitioner, Silverman. As was said in the opinion of the court in Olds v. Erie City, supra (p. 384):

"The action of the councils, under this act, was quasi judicial in its character and it is a fundamental rule that all such proceedings where they affect the rights or property of the citizen are nugatory if unaccompanied by reasonable notice. In the case in hand no such notice as that required by the statute was given."

528

Under the law as we find it, we are compelled to hold that the ordinance appropriating the land of Silverman is void as to him. It is only fair to state that the failure to serve the necessary notice was not due to neglect or oversight on the part of the borough solicitor. The notice was prepared and given to the proper official for service, but through some mistake was not served.

And now, February 9, 1934, the rule to set aside the proceedings commenced under the above term and number is made absolute and the proceedings are set aside. From Aaron S. Swartz, Jr., Norristown, Pa.