## Meyersdale Borough Refuse Service v. Wentworth

*Kenneth W. Johnson,* for plaintiff.
*James B. Yelovich,* for defendant.

SHAULIS, *J.,* April 3, 1985—We have before us motions for summary judgment filed by both plaintiff and defendants in each of the above-captioned cases.

## FACTS

Plaintiff, a refuse service owned and operated by Meyersdale Borough, a municipal corporation, has filed these two actions to collect unpaid garbage bills from both defendants. Defendant Robert B. Wentworth is a stockholder of defendant Somerset Colonial Corporation and an editor of a weekly newspaper published by the corporation. Both defendants occupied units in the same building at 301 North Street in Meyersdale Borough, and were serviced by plaintiff for garbage collection at various times from 1978 to August 1984.

Pursuant to Meyersdale Borough Ordinance no. 273, effective September 1, 1977, plaintiff charged individual defendant $3.75 per month for garbage collection service for his apartment at 301 North Street from December 1978 until October 1980. At the same time, corporate defendant was billed at the rate of $18 per month for the same service. On September 29, 1980, the borough promulgated an unnumbered resolution, effective October 1, 1980, in which the borough sought to amend Ordinance no. 273 by raising the rates charged for garbage collection services to $4.75 per month for the individual defendant and $17 per month for corporate defendant. Defendants were billed at these rates until service was discontinued in August 1984.

Individual defendant has refused to pay the service charge for the apartment since December 1978. Corporate defendant has refused to pay the charge for service rendered the business enterprise since June 1979.

## DISCUSSION

Both defendants admitted at oral argument that they are liable to plaintff for the unpaid garbage col-

lection charges. Defendants dispute, however, the amount of those charges and the manner in which they were assessed. Defendants argue that the rates charged to them for refuse service by plaintiff were improperly set by the Meyersdale Borough Solid Waste Enforcement Officer pursuant to Meyersdale Borough Ordinance no. 273. Defendants contend that under Pennsylvania law, the power to fix charges for collection of refuse by a municipal agency is a legislative function vested in the borough council which cannot be delegated to a committee or administrative officer. Thus, they claim that the rates set by the borough's solid waste enforcement officer were invalid and are not the proper measure for plaintiff's recovery.

Meyersdale Borough Ordinance no. 273, section 16, provides:

"The Council shall appoint a Solid Waste Enforcement Officer who shall have authority for the enforcement of this ordinance and in so doing shall act for and on behalf of the Borough. The Solid Waste Enforcement Officer shall at all times be responsible to and report to Borough Council and shall be given the duties as from time to time are assigned to him by council. . . The Solid Waste Enforcement Officer shall have the duty of setting rates when any person is required to pay a rate hereunder which fee is not one set forth on the rate schedule. . . ."

In addition, Ordinance no. 273, Appendix A, Paragraph (1) setting forth the "Solid Waste Rate Schedule" states:

"c. each commercial or business establishment, or industrial or institutional facility shall pay a basic rate of eight dollars per month. Any such establishment or facility which shall have more or less than

usual amounts of solid waste or having extraordinary kinds of solid waste shall be assessed a higher or lower rate by the Solid Waste Enforcement Officer as he shall deem fair and reasonable; and

"d. occasional users, seasonal residences, and all persons having extraordinary kinds or quantities of solid waste, shall be assessed a rate by the Solid Waste Enforcement Officer which shall be in keeping with the Ordinance and with this schedule and as he shall deem fair and reasonable."

The Constitution of the Commonwealth of Pennsylvania specifically states that the "General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects . . . or to levy taxes or perform any municipal function whatever." P.S. Const. article 3, §31. This section manifests an intent to prevent the legislative branch of government from delegating its powers to enact laws to non-representative bodies, and it extends to municipal governments, as well as the general assembly. Robinson v. City of Philadelphia, 400 Pa. 80, 161 A.2d 1 (1960); Lighton v. Abington Township, 336 Pa. 345, 9 A.2d 609 (1939).

As a municipal corporation, Meyersdale Borough has been granted the power to regulate the removal of garbage and other refuse material, "including the imposition and collection of reasonable fees and charges therefor." 53 P.S. §46202(11). Furthermore, if a borough provides utility service or other services to the general public, it may "make and regulate charges therefor for general borough purposes in relief of taxes on real estate." 53 P.S. §46202(2). In carrying out these powers, the bor-

ough must act through a majority vote of the borough council. 53 P.S. §46006(3).

While the right to act as agent and to perform the necessary details of enforcement of municipal legislation is delegable, neither the legislature nor a local elected municipal body can delegate to any appointive body the powers to enact laws or levy taxes. In re O'Hara's Appeal, 389 Pa. 35, 131 A.2d 587 (1957); Wilson v. Philadelphia School District, 328 Pa. 225, 195 Atl.90 (1937); American Baseball Club of Philadelphia v. Philadelphia, 312 Pa. 311, 167 Atl. 891, 92 ALR 386 (1933); Kellerman v. Philadelphia, 139 Pa.Super. 569, 13 A.2d 84 (1940); Peters v. Parkhouse, 36 D.&C. 2d 527 (1965).

After reviewing Meyersdale Borough Ordinance no. 273, we must agree with defendants that the discretion given the borough's solid waste enforcement officer to set rates for garbage collection different from those established by the borough council is an unconstitutional delegation of legislative authority. "An ordinance must, irrespective of express power to enact it, provide a uniform rule of action; it must contain permanent legal provisions, operating generally and impartially, and its enforcement cannot be left to the will or unregulated discretion of any municipal authority, officer, or officers." McQuillin, Municipal Corporations, (3d ed.), §18.12.

Although we have not found any Pennsylvania decisions directly on point with the case at bar, we believe that the facts of this case are similar to the facts in City of Harrison v. Snyder, 231 S.W.2d 95 (Arkansas, 1950). In that case, the Supreme Court of Arkansas held that a city ordinance delegating power to finally fix garbage fees for non-residential property, in addition to a fee fixed for residential property to a committee composed of the Mayor,

City Health Officer, and the Sanitation Committee of the City Council without requiring ratification by the municipal legislative body was an unconstitutional delegation of municipal legislative authority. We therefore find that the rates set for defendants' garbage collection by the Meyersdale Borough Solid Waste Enforcement Officer are invalid and that plaintiff is only entitled to collect charges for refuse service as set by the borough council.

Plaintiff contends, however, that the fees set by the solid waste enforcement officer were ratified by the Meyersdale Borough Council, making them valid legislative enactments. The only indication of such action by the Meyersdale Borough Council, however, was the adoption of an unnumbered resolution on September 29, 1980 which sought to change the rates charged under Ordinance 273 from $3.75 per month to $4.75 per month for residential customers; and from eight dollars per month to nine dollars per month for commercial or business establishments. In addition, the resolution approved a list of special commercial rates previously established by the solid waste enforcement officer.

As a general rule, a resolution does not have the effect of a law or an ordinance. It is usually viewed merely as "a formal expression of the opinion or will of an official body or a public assembly, adopted by vote." McGinley v. Scott, 401 Pa. 310, 321, 164 A.2d 424 (1960); Sutherland Statutory Construction, §29.01. An ordinance, therefore, cannot usually be amended by a resolution, but only by another ordinance. Penn Wynne v. Lower Merion Township, 181 Pa.Super. 524, 124 A.2d 487 (1956); McQuillin, Municipal Corporations (3d ed.), §21.04. Nevertheless, Pennsylvania courts have recognized that a permanent municipal regulation may be adopted by what is designated a resolution;

provided that the resolution is intended to have a permanent legislative effect and that it is passed with the same formalities as an ordinance. Thus, the court in Howard v. Borough of Olyphant, 181 Pa. 191, 198, 37 Atl. 258 (1897), found that while "legislation by borough councils may be by ordinance or resolution, the requirements which are essential to the validity of an ordinance must be observed in the passage, approval, recording and publication of resolutions where the action of councils is legislative."

Under the Pennsylvania Borough Code, all proposed ordinances and resolutions of a legislative character must be published "once in one newspaper of general circulation in the borough not more than 60 days nor less than seven days prior to passage." 53 P.S. §46006(4) (Purdon's Supp., 1985). Publication of proposed borough ordinances and resolutions of a legislative nature is therefore mandatory; and until the publication requirement has been complied with, the ordinance or resolution is not effective, and is as wholly inoperative as if the municipal legislative body had not acted on the matter. Commonwealth v. Kelley, 250 Pa. 18, 95 A. 322 (1915); Carpenter v. Yeadon Borough, 208 Pa. 396, 57 Atl. 837 (1904); Eberly Appeal, 18 D.&C. 3d 50 (1980).

The resolution of September 29, 1980, attempted to amend Ordinance no. 273 which was duly enacted on July 11, 1977. According to plaintiff's answer to defendants' request for admissions the only publications regarding the September 29, 1980 resolution was a notice of the meeting where the resolution was adopted in the Meyersdale Republic and two subsequent notices on October 2, 1980 and October 9, 1980 in the Meyersdale Republic setting forth a summary of the meeting and of the rates es-

tablished by the resolution for garbage collection. Such publications do not comply with the requirements set forth in the borough code. We therefore must agree with defendants that the resolution was ineffective as a ratification by the borough council of the garbage collection rates established by the Meyersdale Borough Solid Waste Enforcement Officer. If viewed as a simple resolution, the document could not amend an ordinance. If it was intended to have a legislative effect, then the document is invalid because it was not published as required by law. Furthermore, the resolution of September 29, 1980 having been ineffective as an amendment of Ordinance no. 273, plaintiff is only entitled to collect from defendants charges for refuse service as established by the Meyersdale Borough Council in the original ordinance, enacted on July 11, 1977.

Pa.R.C.P. 1035(b) provides that summary judgment "may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." See Newill v. Piccolomini, 228 Pa. Super. 220, 323 A.2d 40 (1974); Macke Seival Vending Company v. Nies, 96 Dauphin County Reports 6 (1973); 2 Goodrich Amram 2d, §1035(b):8. Both defendants have admitted liability to plaintiff for the unpaid garbage collection charges. Thus, partial summary judgment, interlocutory in character, on the issue of liability alone must be entered in each of the above-captioned cases in favor of plaintiff and against each of defendants. The amount of damages shall be the sole issue at trial.

Finally, defendants having admitted liability, we find that they are not entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment in each above-captioned case must be denied. Damages owed by defendants should be calculated, however, in accordance with our deter-

662

mination that garbage collection rates established by the Meyersdale Borough Solid Waste Enforcement Officer and set forth in the Meyersdale Borough Council Resolution of September 29, 1980 are invalid.

## ORDER

Now, this April 3, 1985, upon plaintiff's motion for summary judgment in each of the above-captioned cases, this court finds that there is no genuine issue as to any material fact except the amount of plaintiff's damages, and that plaintiff is entitled to judgment for such amount as shall be found to be due as damages. It is therefore ordered:

1. That partial summary judgment in favor of plaintiff be entered in each of the above-captioned cases for such amount as may be due it for damages; and,

2. That these cases shall be scheduled for trial on the sole issue of damages, which are to be calculated in accordance with our foregoing opinion.

Defendants' motion for summary judgment in each of the above-captioned cases is denied.