## Sherwin, Executor, v. Erie et al.

*J. M. Sherwin* and *W. S. Carroll*, for plaintiff.
*Henry R. Jeffs*, for defendants.

*Opinion and adjudication*

Hirt, P. J., September 21, 1937.—This is an action in equity before the court on pleadings. There is no dispute as to the essential facts. In this action plaintiff asks for an injunction restraining the City of Erie and the defendants from enforcing a city zoning ordinance in which, as amended before final passage, the property of plaintiff was limited to residential purposes. Plaintiff attacks the legality of this ordinance.

From the admissions of the pleadings we make the following

*Findings of fact*

1. The estate of Kate Davenport is the owner of land in the City of Erie located on the southwest corner of Tenth and Sassafras Streets, described by metes and bounds in plaintiff's bill.

2. The City of Erie is a city of the third class, and the City Planning Commission is a commission constituted and operating under the Act of July 16, 1913, P. L. 752, and The Third Class City Law of June 23, 1931, P. L. 932.

3. On January 22, 1937, Ordinance No. 7909, a true copy of which is attached to plaintiff's bill, was introduced into the Council of the City of Erie and was referred to the Committee of the Whole, and by that committee was recommended for passage on January 26, 1937. On January 26, 1937, the City Council adopted the following amendment to said ordinance:

"Resolved by Council of the City of Erie, that the C residence district as shown on the Zone Map between Sassafras Street and Myrtle Street be changed and shown as extending from the West side of Sassafras Street, westerly from a point 128 feet North of the North line of 11th Street to the center of the Block between Eighth and Ninth Street, and that the Secretary-Engineer of the City Planning & Zoning Commission be and is hereby authorized and directed to officially designate the above

change upon the Zone Map. January 26, 1937. Ayes, Mehaffy, Munger, Ross, Barber. January 26, 1937."
And on said date, the ordinance as so amended, was finally passed by City Council.

4. The property of plaintiff is within the "C residence district," limiting the use of property to residential purposes by the ordinance as amended. By the ordinance before amendment, it was classified as commercial property.

5. The ordinance refers to a map entitled, "City of Erie, Pa., Zone Map", which was included in and made a part of the ordinance. This zone map was modified to conform with Ordinance No. 7909 as amended. An inspection of the map is necessary to make the ordinance intelligible.

6. On February 2, 3 and 4, 1937, defendants published Zoning Ordinance No. 7909 in the Erie Dispatch-Herald and also in The Erie Daily Times, both being newspapers of general circulation in the City of Erie. Separated therefrom by other printed matter, there appeared in each of the above newspapers a notice in the following form:

"Public notice is hereby given that the Department of City Planning and Zone Map of The City of Erie, Pa., is now on exhibition for public inspection in the office of the City Clerk, City Hall, Erie, Pa. All persons affected or interested shall be afforded an opportunity to view it if they so desire. M. J. Henry, City Clerk."

This notice appeared in both papers on the same dates that the ordinance was advertised excepting February 2, 1937, when it was inadvertently omitted from the issue of The Erie Daily Times.

*Discussion*

The plaintiff maintains that defendants' failure to publish the zone map along with the body of Ordinance No. 7909 is in violation of section 1015 of The Third Class

City Law, supra, art. X, as amended May 22, 1933, P. L. 927, sec. 1; and that therefore the ordinance is inoperative as to plaintiff. This section of the act provides that every penal ordinance shall be published at least three times; each publication on a different day, in at least one and not more than two newspapers printed and circulated within the city.

The defendants allege that the act was substantially complied with, in that notice was published as to the place where the zone map could be found and inspected. It is further alleged that section 4113 of article XLI of the act supplies an adequate remedy at law, and that therefore, the plaintiff is improperly before the court.

We cannot agree that section 4113 supplies plaintiff with an adequate remedy at law. This section makes provision for appeals, in certain instances, to the board of appeals and to the common pleas court. The appeals allowed are: (1) Where error is alleged in any order, requirement, decision, or determination made by any administrative official in the enforcement of the provisions of the act or of an ordinance adopted pursuant thereto; (2) to hear and decide special exceptions to the terms of the ordinance, and; (3) to authorize in specific cases a variance from the terms of the ordinance. It will be noted that no provision is made on appeal for a direct attack upon the validity of the ordinance itself, and indeed a board of appeals, appointed by the city council, would not be the proper tribunal to pass upon a question involving an interpretation of the law. Nor could the common pleas set aside an ordinance in its entirety upon appeal. The act specifically limits the jurisdiction of common pleas to the reversal or affirmance, either wholly or partly, or the modification, of the decisions of the board of appeals brought up for review. Clearly, this is not the proper remedy if the ordinance is bad in the first instance. This being a penal ordinance, the provisions of the law must strictly be pursued. Any citizen, affected

by the ordinance, would be entitled to have every requirement of the law regarded, and would not receive the protection afforded him if it be determined that he must first wait for action on the part of the administrative officials. For these reasons it appears that the remedy by appeal is not adequate where the ordinance is bad ab initio.

It therefore remains to be determined whether or not Ordinance No. 7909 was properly published. The publication of a penal municipal ordinance is mandatory, and until published as the law directs, such ordinances are ineffective: Fierst et al. v. William Penn Memorial Corp. et al., 311 Pa. 263; Nyce et al. v. Board of Commrs. et al., 319 Pa. 353.

In view of the provisions of article 1, section 103, of Ordinance No. 7909, which includes the zoning map and makes it a part of the ordinance, it appears that the entire ordinance was not at any time published in accordance with the provisions of the law. Section 1015 of The Third Class City Law does not permit the publication of notice as to where the map may be found and inspected, as was the situation under the First Class Township Law with which the Supreme Court was dealing in the Fierst case, supra, but even if the act did make such an allowance, the publication in this instance was faulty for the reason that the two separate sections as published are unintelligible unless considered together.

While the requirements that the zoning map be published along with the body of the ordinance may work a hardship upon the defendants, the law clearly intends that the entire ordinance be published unless other provisions be made. Knowledge that a measure is pending by one whose rights may be affected by its enactment will not cure a defect of publication: Fierst et al. v. William Penn Memorial Corp. et al., supra. For this reason the failure to publish the ordinance in its entirety is fatal.

706

*Conclusions of law*

1. City Ordinance No. 7909 was not published according to law and therefore is inoperative as to plaintiff.

2. An injunction should issue restraining the City of Erie from limiting the land of plaintiff to the uses specified in the ordinance as applicable to C residence district.

3. The defendant shall pay the costs of this proceeding.

*Decree*

And now, to wit, September 21, 1937, the prothonotary is directed to enter a decree nisi in accordance with the foregoing to become absolute unless exceptions are filed thereto, sec leg.